IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES MARTIN,

       Plaintiff,

vs.                                                                                   CIV 13-0575 KBM/RHS

COUNTY OF SANTA FE,
OFFICER II., ROBERT JAMES GARCIA,
LT. JOSEPH E. MCLAUGHLIN, JR.,
SERGEANT, MIKE MARTINEZ, AND DEPUTY,
GABE ORTIZ, In their individual and official capacity
as Employees of the County of Santa Fe,

       Defendants.

## **ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Amend Complaint pursuant to Fed. R. Civ. P. 15(a). *Doc. 20.* Defendants oppose the motion on several grounds, and the Court has given due consideration to the motion and other briefs filed by the parties.

Where, as here, "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.-LR Civ 7.1(a). The reasons for the rule are obvious, most significantly because such a step promotes efficiency and minimizes oppositional briefing where stipulations can be agreed upon. Additionally, on a motion to amend to add new claims such as the one at issue, such consultation would provide opposing counsel the opportunity to point out any futility constraints to the proposed amendment.

Although he concedes that no such recitation was made in his motion, Plaintiff nevertheless contends that he made the required "good faith" efforts to ascertain whether

Defendants would oppose the filing of an amended complaint.   In his reply, Plaintiff states:

> Plaintiff's Counsel emailed Defendants' counsel requesting deposition dates on BLANK DATE and then again on OTHER DATE and was told to call to discuss this matter by Mr. Sullivan on EMAIL DATE Plaintiff's Counsel seeing that the dead line (sic) to amend was fast approaching called several times to no avail. On the date of Plaintiff's filing of the motion to amend Plaintiff's Counsel called Defendants' Counsel two times and left messages with staff to have Mr. Sullivan call Counsel back.

*Doc. 29* at 2.   Although less than clear, as to the "BLANK" date, the "OTHER" date and "EMAIL" date to which Plaintiff refers, those inquiries seem to deal with discovery issues, not the filing of additional claims.   Thus, it appears that it was only on the very day that he filed his motion that Plaintiff even attempted to confer on the issue of possible amendment to the complaint.   Such delay in consultation does not foster meaningful conversation as contemplated by the rule and fails to meet the spirit of its dictates and will not be countenanced in the future.

Defendants also contend that the motion to amend is untimely and should be denied on that basis as well.   However, the motion to amend was filed on the last day to do so under the Court's scheduling order adopting the dates proposed by the parties in their Joint Status Report. *See Doc. 11* at 2 ("Plaintiff(s) should be allowed until September 20, 2013 to move to amend the pleadings").   The Court is therefore unable to say that the motion should be denied as untimely despite the fact that Plaintiff provides no reason why the contemplated amendments could not have been raised at an earlier time.   If this motion had been filed outside the period permitted by the scheduling order, the Court may well have reached a different decision here.   Although Rule 15 (a) (2) states the "court

2

should freely give leave [to amend] when justice so requires," Plaintiff provides only a bare bones allegation to that effect.  *See Doc. 20* at 1.

Finally, Defendants argue that the proposed additional claims (Count VI for excessive force under the Fourth Amendment, Count VII First Amendment Retaliation and Count VIII failure to train, supervise and negligent retention) would be futile.  Rather than addressing those arguments in the context of this motion to amend, the Court will permit Defendants to file supplemental briefing addressing these arguments in the context of the present motion to dismiss based on qualified immunity.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint *(Doc. 20)* is **granted**, and Plaintiff shall file that Amended Complaint as soon as possible.

IT IS FURTHER ORDERED that the parties consult and submit a proposed briefing schedule for supplemental briefing on the motion to dismiss as to the new claims set forth in the amended complaint.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE